

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | CRIMINAL NO. 2:14CR162 |
| v. | ) | |
| | ) | 18 U.S.C. § 1591(a)(1) |
| DORIEAN BARBERI, | ) | Sex Trafficking of Children |
| | ) | (Count 1) |
| Defendant. | ) | |
| | ) | 18 U.S.C. § 2423(a) |
| | ) | Transportation of Minors |
| | ) | (Count 2) |
| | ) | |
| | ) | 18 U.S.C. § 2421 |
| | ) | Transportation for Prostitution |
| | ) | (Count 3) |
| | ) | |
| | ) | 18 U.S.C. § 1952(a)(3) |
| | ) | Travel in Furtherance of Criminal Activity |
| | ) | (Count 4) |
| | ) | |
| | ) | 18 U.S.C. § 1952(a)(3) |
| | ) | Use of Interstate Commerce in Furtherance of Prostitution |
| | ) | (Counts 5-7) |
| | ) | |
| | ) | 18 U.S.C. §§ 1594(d), (e) and 2428(a), (b) |
| | ) | Forfeiture |

**INDICTMENT**

December 2014 Term -- At Norfolk, Virginia

**COUNT ONE**

THE GRAND JURY CHARGES THAT:

From on or about September 1, 2014, to on or about September 18, 2014, within the Eastern District of Virginia, and elsewhere, DORIEAN BARBERI, defendant herein, in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport,

provide, and obtain by any means "Jane Doe 1," a minor who was under 18 years, knowing and in reckless disregard of the fact that "Jane Doe 1" had not attained the age of 18 years and knowing and in reckless disregard of the fact that "Jane Doe 1" would be caused to engage in a commercial sex act, and did attempt to do so.

(In violation of Title 18, United States Code, Section 1591(a)(1).)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 15, 2014, within the Eastern District of Virginia, and elsewhere, the defendant, DORIEAN BARBERI, did knowingly transport "Jane Doe 1," an individual who had not attained the age of 18 years, in interstate commerce, that is, from South Carolina to Virginia, with the intent that "Jane Doe 1" engage in prostitution and in sexual activity for which a person can be charged with a criminal offense.

(In violation of Title 18, United States Code, Section 2423(a).)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 15, 2014, within the Eastern District of Virginia, and elsewhere, the defendant, DORIEAN BARBERI, did knowingly transport Jane Doe 2, in interstate commerce, that is, from South Carolina to Virginia, with intent that Jane Doe 2 engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

(In violation of Title 18, United States Code, Section 2421.)

## **COUNT FOUR**

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 15, 2014 in the Eastern District of Virginia, and elsewhere, the defendant, DORIEAN BARBERI, traveled in interstate commerce from South Carolina to Virginia, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, Sex Trafficking of Children, in violation of Title 18, United State Code, Section 1591(a)(1), and/or Prostitution and Receiving Money From Prostitution, in violation of Virginia Code § 18.2-357, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

(In violation of Title 18, United States Code, Section 1952(a)(3).)

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 15, 2014, in the Eastern District of Virginia, the defendant, DORIEAN BARBERI, used a facility in interstate and foreign commerce, namely the Internet, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, Sex Trafficking of Children, in violation of Title 18, United State Code, Section 1591(a)(1), and Receiving Money From Prostitution, in violation of Virginia Code § 18.2-357, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, and aided and abetted the same.

(In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).)

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 16, 2014, in the Eastern District of Virginia, the defendant, DORIEAN BARBERI, used a facility in interstate and foreign commerce, namely the Internet, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, Sex Trafficking of Children, in violation of Title 18, United State Code, Section 1591(a)(1), and Receiving Money From Prostitution, in violation of Virginia Code § 18.2-357, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, and aided and abetted the same.

(In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 17, 2014, in the Eastern District of Virginia, the defendant, DORIEAN BARBERI, used a facility in interstate and foreign commerce, namely the Internet, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, Sex Trafficking of Children, in violation of Title 18, United State Code, Section 1591(a)(1), and Receiving Money From Prostitution, in violation of Virginia Code § 18.2-357, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, and aided and abetted the same.

(In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).)

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER ALLEGES THAT:

1. The defendant, if convicted of any of the violations alleged in Counts 1 through 3 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property, real or personal, constituting or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violation(s); and

    b. Her interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violation(s).

2. The defendant, if convicted of any of the violations alleged in Counts 5 through 7 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s).

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

4. The property described above includes, but is not limited to, the following property:

    a. $1,608.11 seized from TD Bank account ending in 6101 in the name of Doriean Barberi on October 28th, 2014.

  b. $1,850.00 in United States Currency seized from Doriean Barberi on September 17th, 2014.

  c. one (1) Samsung tablet, model: SM-T217S, FCC ID: A3LSMT217S.

  d. one (1) Canon EOS Rebel T4i, Model: DS126371, No: 062013004416.

  e. one (1) Apple iPhone (white).

  f. one (1) Apple iPhone (black).

  g. one (1) Motorola cell phone, model: XT1028, FCC ID: IHDT56PF3.

  h. one (1) Samsung cell phone, model: SPH-M820, FCC ID: A3LSPHM820.

  i. one (1) Samsung Galaxy S5, model: SM-G900P, FCC ID: A3LSMG900P.

  j. one (1) Apple laptop computer.

  k. one (1) Verizon Motorola Droid Razr cell phone.

  l. one (1) Nokia cell phone, model: 521, FCC ID: QTLRM-917.

(In accordance with 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c), 18 U.S.C. § 1594(d), and 18 U.S.C. § 2428.)

*UNITED STATES v. DORIEAN BARBERI*
Criminal No. 2:14cr 162

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Elizabeth M. Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail: elizabeth.yusi@usdoj.gov